UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>**145 New York Avenue, South Portland, ME 04106**<br><br>Mortgage:<br>**October 8, 2004**<br>**Book 21902, Page 281**<br>**Cumberland County Registry of Deeds** |
| **Lisa A Farrell** | |
| **Defendant**<br>**Discover Bank** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Lisa A Farrell, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, in which the Defendant, Lisa A Farrell, is the obligor and the total amount owed under the terms of the Note is One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust is a National Association with its main/principal place of business located at 425 Walnut Street, Cincinnati, OH 45202 and therefore is a citizen of Ohio for diversity purposes.

5. The Defendant, Lisa A Farrell, is a resident of South Portland, County of Cumberland and State of Maine.

6. The Party-in-Interest, Discover Bank, is located at 208 S. LaSalle St, Suite 814, Chicago, IL 60604.

## FACTS

7. On October 26, 2000, by virtue of a Warranty Deed from Thomas J. Cushing and Diane M. Cushing, which is recorded in the Cumberland County Registry of Deeds in **Book 15815, Page 282**, the property situated at 145 New York Avenue, City/Town of South Portland, County of Cumberland, and State of Maine, was conveyed to Lisa A. Farrell, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On October 8, 2004, Defendant, Lisa A Farrell, executed and delivered to First Horizon Home Loan Corporation a certain Note under seal in the amount of $164,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on October 8, 2004, Defendant, Lisa A Farrell, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Horizon Home Loan Corporation, securing the property located at 145 New York Avenue, South Portland, ME 04106 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 21902**, **Page 281**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to First Horizon Home Loans, a division of First Tennessee Bank National Association by virtue of an Assignment of Mortgage dated June 6, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 26154**, **Page 59**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Metlife Home Loans, a division of Metlife Bank, N.A. by virtue of an Assignment of Mortgage dated December 13, 2012, and recorded in

the Cumberland County Registry of Deeds in **Book 30266**, **Page 339**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to JPMorgan Chase Bank, National Association by virtue of an Assignment of Mortgage dated April 3, 2013, and recorded in the Cumberland County Registry of Deeds in **Book 30896**, **Page 54**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Rushmore Loan Management Services LLC by virtue of an Assignment of Mortgage dated December 8, 2022, and recorded in the Cumberland County Registry of Deeds in **Book 39896**, **Page 330**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Mortgage Electronic Registration Systems, Inc., as Mortgagee, as nominee for First Horizon Home Loan Corporation by virtue of an Assignment of Mortgage dated September 7, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 40360**, **Page 268**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to Specialized Loan Servicing LLC by virtue of an Assignment of Mortgage dated September 18, 2023, and recorded in the Cumberland County Registry of Deeds in **Book 40367**, **Page 17**. *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was then assigned to NewRez LLC D/B/A Shellpoint Mortgage Servicing by virtue of an Assignment of Mortgage dated June 28, 2024, and recorded in the

Cumberland County Registry of Deeds in **Book 40837**, **Page 172**.  *See* Exhibit J (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. On May 21, 2025, the Defendant, Lisa A Farrell, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $155,630.13 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder.  That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action.  *See* Exhibit K (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

18. The Mortgage was then assigned to US Bank Trust National Association, not in its individual capacity but solely as owner Trustee for VRMTG Asset Trust by virtue of an Assignment of Mortgage dated August 15, 2025, and recorded in the Cumberland County Registry of Deeds in **Book 41659**, **Page 136**.  *See* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

19. On September 16, 2025, the Defendant, Lisa A Farrell, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the USPS Tracking Information (herein after referred to as the "Demand Letter").  *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. The Demand Letter informed the Defendant, Lisa A Farrell, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter.  *See* Exhibit M.

21. The Defendant, Lisa A Farrell, failed to cure the default prior to the expiration of the Demand Letter.

22. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

23. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

24. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

25. Discover Bank is a Party-in-Interest pursuant to a Writ of Execution in the amount of $10,303.48 dated November 17, 2008, and recorded in the Cumberland County Registry of Deeds in **Book 31066**, **Page 223** and is in second position behind Plaintiff's Mortgage.

26. The total debt owed under the Note and Mortgage as of January 31, 2026, is One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $155,412.06 |
| Interest | $4,297.77 |
| Fees | $70.00 |

| | |
|---|---|
| Funds Owed by Borrower | $2,768.26 |
| Grand Total | $162,548.09 |

27. Upon information and belief, the Defendant, Lisa A Farrell, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 145 New York Avenue, South Portland, County of Cumberland, and State of Maine.  *See* Exhibit A.

30. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendant, Lisa A Farrell, is presently in default on said Mortgage and Note, having failed to make the monthly payment due August 1, 2025, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of January 31, 2026, is One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars.

34. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendant, Lisa A Farrell's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Lisa A Farrell, on September 16, 2025, evidenced by the USPS Tracking Information.  *See* Exhibit M.

37. The Defendant, Lisa A Farrell, is not in the Military as evidenced by the attached Exhibit N.

38. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

39. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. On October 8, 2004, the Defendant, Lisa A Farrell, executed under seal and delivered to First Horizon Home Loan Corporation a certain Note in the amount of $164,000.00.  *See* Exhibit B.

41. The Defendant, Lisa A Farrell, is in default for failure to properly tender the August 1, 2025, payment and all subsequent payments.  *See* Exhibit M.

42. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Lisa A Farrell.

43. The Defendant, Lisa A Farrell, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

44. The Defendant, Lisa A Farrell's, breach is knowing, willful, and continuing.

45. The Defendant, Lisa A Farrell's, breach has caused Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

46. The total debt owed under the Note and Mortgage as of January 31, 2026, if no payments are made, is One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars.

47. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

48. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

49. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, repeats and re-alleges paragraphs 1 through 48 as if fully set forth herein.

50. By executing, under seal, and delivering the Note, the Defendant, Lisa A Farrell, entered into a written contract with First Horizon Home Loan Corporation who agreed to loan the amount of $164,000.00 to the Defendant. *See* Exhibit B.

51. As part of this contract and transaction, the Defendant, Lisa A Farrell, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

52. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is the proper holder of the Note and successor-in-interest to First Horizon Home Loan Corporation and has performed its obligations under the Note and Mortgage.

53. The Defendant, Lisa A Farrell, breached the terms of the Note and Mortgage by failing to properly tender the August 1, 2025, payment and all subsequent payments. *See* Exhibit _.

54. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Lisa A Farrell.

55. The Defendant, Lisa A Farrell, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

56. The Defendant, Lisa A Farrell, is indebted to US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust in the sum of One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars, for money lent by the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, to the Defendant.

57. Defendant, Lisa A Farrell's, breach is knowing, willful, and continuing.

58. Defendant, Lisa A Farrell's, breach has caused Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

59. The total debt owed under the Note and Mortgage as of January 31, 2026, if no payments are made, is One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09) Dollars.

60. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

61. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

62. The Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, repeats and re-alleges paragraphs 1 through 61 as if fully set forth herein.

63. First Horizon Home Loan Corporation, predecessor-in-interest to US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, loaned the Defendant, Lisa A Farrell, $164,000.00.  *See* Exhibit B.

64. The Defendant, Lisa A Farrell, has failed to repay the loan obligation.

65. As a result, the Defendant, Lisa A Farrell, has been unjustly enriched to the detriment of the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust as successor-in-interest to First Horizon Home Loan Corporation by having received the aforesaid benefits and money and not repaying said benefits and money.

66. As such, the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is entitled to relief.

67. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, upon the expiration of the period of redemption;

d) Find that the Defendant, Lisa A Farrell, is in breach of the Note by failing to make payment due as of August 1, 2025, and all subsequent payments;

e) Find that the Defendant, Lisa A Farrell, is in breach of the Mortgage by failing to make payment due as of August 1, 2025, and all subsequent payments;

f) Find that the Defendant, Lisa A Farrell, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Lisa A Farrell, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due August 1, 2025, and all subsequent payments;

h) Find that the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Lisa A Farrell has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, to restitution;

k) Find that the Defendant, Lisa A Farrell, is liable to the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, for money had and received;

l) Find that the Defendant, Lisa A Farrell, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Lisa A Farrell, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, is entitled to restitution for this benefit from the Defendant, Lisa A Farrell;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Lisa A Farrell, and in favor of the Plaintiff, US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust, in the amount of One Hundred Sixty-Two Thousand Five Hundred Forty-Eight and 09/100 ($162,548.09 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust,
By its attorneys,

Dated: January 15, 2026

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com